IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN PANONCILLO, | ) | CIVIL NO. 23-00120 LEK-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | PLAINTIFF'S COUNSEL'S |
| CAROLYN W. COLVIN, Acting | ) | PETITION FOR 406(b) FEES |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES

Before the Court is Plaintiff's counsel's Petition for 406(b) Fees, filed on December 4, 2024 (Petition), ECF No. 21. Defendant filed a Response on December 6, 2024, noting that Defendant "neither supports nor opposes counsel's request." Def's Response, ECF No. 23. After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

Plaintiff filed an application for disability insurance benefits with the Social Security Administration (SSA), which was denied. See Petition, ECF No. 21, at 2-3; Complaint, ECF No. 1, at 1-3. After a hearing, the Administrative Law Judge (ALJ) issued an unfavorable decision no July 28, 2021. See Petition, ECF No. 21, at 3; Complaint, ECF No. 1, at 3. The Appeals Council also denied Plaintiff's request for review on January 3, 2023. See Petition, ECF No. 21, at 3; Complaint, ECF No. 1, at 3. On March 4, 2023, Plaintiff appealed to this Court.

On November 28, 2023, this Court entered an order granting in part and denying in part Plaintiff's appeal, reversing the ALJ's decision, and remanding the case for further proceedings. See Nov. 28, 2023 Order, ECF No. 16. Following remand, the Court awarded Plaintiff attorneys' fees under the Equal Access to Justice Act (EAJA) in the amount of $11,108.69 based on the parties' stipulation. See Stipulation for Settlement of Attorney Fees, ECF No. 19. On remand, Plaintiff received a favorable decision granting his application for benefits. See Petition, ECF No. 21, at 3.

Pursuant to the terms of his retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to twenty-five of his past-due benefits if his social security appeal was successful. See Ex. A to Petition, ECF No. 21-2, ¶ 2.

The SSA provided Plaintiff a Notice of Award on October 16, 2024.

2

See Ex. C to Petition, ECF No. 21-4.  In the Notice of Award, the SSA stated that it was withholding $30,596.68 in past-due benefits, which represented twenty-five percent of the total past-due benefits awarded to Plaintiff, in order to pay any approved request for attorneys' fees.  See id. at 4.

In the Petition, Plaintiff's counsel asserts that she is entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $30,596.68, which is twenty-five percent of Plaintiff's past-due benefits, pursuant to the retainer agreement with Plaintiff.  See Petition, ECF No. 21, at 1-2, 6.  Counsel also submitted timesheets reflecting that she spent 76.7 hours working on this litigation.  See Ex. B to Petition, ECF No. 21-3; Decl'n of Diane C. Haar dated 12/4/2024, at ¶ 5.  Counsel states that she will pay to Plaintiff the $11,108.69 in EAJA fees that the Court previously awarded after she receives any award under Section 406(b).  See Decl'n of Diane C. Haar dated 12/4/2024 at ¶ 7.  As noted above, Defendant does not oppose the Petition.  See Def's Response, ECF No. 23.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may award reasonable fees to a successful claimant's counsel up to twenty-five percent of the claimant's past-due benefits.  See 42 U.S.C. § 406(b)(1)(A).  This limit applies to the total of EAJA and Section 406(b) fees combined.  See 28 U.S.C. § 2412; see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (holding that a district court may award fees

3

under both the EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee"). The attorney's fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. See id. at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness determination. See id. at 808; see also Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results of the representative achieved." See Gisbrecht, 535 U.S. at 807-08. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would constitute a windfall." Crawford, 586 F.3d at 1148, 1151 (quoting Gisbrecht, 535 U.S. at 808).

Under the standards articulated above, the Court finds that counsel

4

met her burden of demonstrating that the requested fees are reasonable.  Under the fee agreement in this case, Plaintiff agreed to pay counsel twenty-five percent of his past-due benefits if counsel successfully represented him on appeal to this Court and owed no fees to counsel if the appeal was unsuccessful.  See Ex. A to Petition, ECF No. 21-2, ¶ 2; Crawford, 586 F.3d at 1152 (considering the "significant risk" that attorneys face in taking social security cases on a contingent basis in determining whether the requested fees are reasonable).  Counsel's request for $30,596.68 in attorneys' fees represents the statutory maximum of twenty-five percent of the past-due benefits awarded to Plaintiff.  See Petition, ECF No. 21, at 6; see also 42 U.S.C. § 406(b)(1)(A).  Because counsel provided quality representation and obtained a successful result in this Court, which resulted in Plaintiff receiving substantial past-due benefits, the Court finds that no reduction in fees due to substandard performance is warranted.  Further, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees awarded for dilatory conduct.  Finally, no reduction in fees is necessary to prevent counsel from receiving a windfall.  In support of the Petition, counsel stated she spent 76.7 hours litigating this case.  See Decl'n of Diane C. Haar dated 12/4/2024 at ¶ 5.  Dividing the fee requested by the hours spent would result in a rate of approximately $399 per hour.  See id.  Courts in this circuit regularly award fees with rates exceeding $1,000 per hour in similar cases.  See Brazile v. Comm'r of

5

Soc. Sec., CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss"). The Court finds that no downward adjustment in the requested fees is necessary in this case.  Accordingly, the court finds that a fee award of $30,596.68 is reasonable.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's counsel's Petition and authorize an attorneys' fee award of $30,596.68 in accordance with 42 U.S.C § 406(b), and ORDER Plaintiff's counsel to pay Plaintiff the previously awarded EAJA fees in the amount of $11,108.69.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 24, 2025.



Wes Reber Porter
United States Magistrate Judge

Panoncillo v. Colvin; Civ. No. 23-00120 LEK-WRP; Findings and Recommendations To Grant Plaintiff's Counsel's Petition For 406(B) Fees.